MEMORANDUM * Tetyana Sergeevna Lomtyeva, a citizen of Ukraine, petitions for review of the Board of Immigration Appeals’ (“BIA”) order upholding an immigration judge’s (“IJ”) denial of her requests for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant the petition for review. Lomtyeva entered the United States in August 2008 on a temporary visa. She applied for asylum in May 2009. In June 2009, the Department of Homeland Security issued a Notice to Appear, which charged Lomtyeva with removal for having overstayed her visa. In 2012, the IJ denied Lomtyeva’s asylum, withholding, and CAT applications. The IJ found Lomtyeva’s testimony credible, but concluded Lomtyeva had experienced only' discrimination, not persecution. The IJ also found that even if Lomtyeva had been persecuted, her return trips to Ukraine undermined a well-founded fear of future persecution. The BIA adopted the IJ’s decision in full, meaning we directly review the IJ’s decision. Tamang v. Holder, 598 F.3d 1083, 1088 (9th Cir. 2010). The IJ’s findings of fact are reviewed for substantial evidence. Id. A decision is unsupported by substantial evidence if a reasonable factfin-der would be compelled to reach the opposite decision. INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To be eligible for asylum, an applicant must be unable or unwilling to return to her home country “because of persecution or a well-founded fear of persecution” on account of a protected ground. 8 U.S.C. § 1101(a)(42)(A). Religion is a protected ground. Id. Persecution must be committed by either the government or “forces the government is either unable or unwilling to control.” Navas v. INS, 217 F.3d 646, 655-56 (9th Cir. 2000) (citation omitted). Past persecution establishes a presumption of a well-founded fear of future persecution. Hanna v. Keisler, 506 F.3d 933, 937 (9th Cir. 2007). The IJ’s determination that Lomtyeva did not establish past persecution on account of her membership in the Seventh Day Adventist (“SDA”) church is unsupported by substantial evidence. For example, Lomtyeva testified that a mob threw rocks through the windows of the house where Lomtyeva and other SDA members were worshiping. The house was set on fire as the police arrived, but the police did not 'intervene, told the SDA congregants not to call for help, and said, “We have one united Orthodox Christian church.... If you don’t want to go to that church, don’t bother us.” Another time, a group insulted Lomtyeva and another SDA member while they were walking together. The two called the police, who said, “[I]f your neighbors don’t kill you, we will come and kill you.” This was a “specific and menacing death threat” from a police official and “is strong evidence of persecution.” Mashiri v. Ashcroft, 383 F.3d 1112, 1120 (9th Cir. 2004). Over several years, Lomtyeva was also refused medical treatment, fired, cursed at, attacked, spat upon, and pushed down stairs on account of her religion. On at least two of those occasions the police again failed to intervene or did not investigate Lomtyeva’s complaint. The severe and regular attacks Lomtye-va faced constitute persecution, not mere discrimination. See Wakkary v. Holder, 558 F.3d 1049, 1059 (9th Cir. 2009); see also Krotova v. Gonzales, 416 F.3d 1080, 1087 (9th Cir. 2005). Here, the police expressly condoned acts of persecution and themselves threatened Lomtyeva with physical harm. Any reasonable factfinder would find that Lomtyeva was persecuted. Nor do Lomtyeva’s return trips to Ukraine after visiting her daughter in the United Kingdom rebut the presumption of a well-founded fear. Lomtyeva testified that she returned each time to avoid jeopardizing her daughter’s immigration status in the United Kingdom. This is not inconsistent with well-founded fear. See Boer-Sedano v. Gonzales, 418 F.3d 1082, 1091 (9th Cir. 2005) (stating that this court has “never held that the existence of return trips standing alone can rebut this presumption” of a well-founded fear); see also Karouni v. Gonzales, 399 F.3d 1163, 1176 (9th Cir. 2005). The IJ denied Lomtyeva’s withholding of removal claim a fortiori after finding her ineligible for asylum. We remand for the BIA to also consider Lomtyeva’s withholding application in light of our holding that she is eligible for asylum. The IJ properly denied Lomtyeva’s petition on her CAT claim. Substantial evidence supports the finding that she was not previously tortured and that she would not be tortured if she returned to Ukraine. See Cole v. Holder, 659 F.3d 762, 770-71 (9th Cir. 2011). The petition for review is granted with respect to petitioner’s asylum and withholding of removal claims, but denied with respect to her CAT claim, and the matter is remanded to the BIA for further proceedings consistent with this disposition. GRANTED in part, DENIED in part, and REMANDED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.